NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TODD M. FLOE,

Plaintiff - Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant - Appellee.

No. 23-35589

D.C. No.
2:22-CV-00179-WFN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
William Fremming Nielsen, Senior District Judge, Presiding

Submitted October 25, 2024[**]
Portland, Oregon

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Todd M. Floe appeals the district court's order affirming the Administrative

Law Judge's ("ALJ") denial of his applications for disability insurance benefits and

supplemental security income under the Social Security Act.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

We review a denial of social security benefits de novo.  *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017).  We may reverse a denial of benefits only when the decision is "based on legal error or not supported by substantial evidence in the record."  *Id.* at 654 (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).  "Substantial evidence means more than a mere scintilla, but less than a preponderance."  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (internal quotation marks and citation omitted).  The ALJ is "responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (citation omitted).  And if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *Id*. at 1154.

*First*, substantial evidence supports the ALJ's evaluation of the medical opinions of Nurse Practitioner Ryan Marendiuk and Drs. Bruce Eather and Carol Moore.  The ALJ found each medical opinion persuasive and appropriately translated the assessments of Floe's moderate mental impairments into the residual functional capacity ("RFC").  *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.").  Specifically, the ALJ accepted Marendiuk's opinion about Floe's difficulties by limiting Floe to "simple,

2

routine[,] and repetitive tasks," and further limiting Floe to "no assembly line highly paced work," "no interaction with the public," "occasional interaction with coworkers," "no tandem tasks," and "occasional supervision." "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (citation omitted). Here, the ALJ properly evaluated the supportability and consistency of each opinion. *See Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022); *Ford*, 950 F.3d at 1154.

*Second*, substantial evidence supports the ALJ's decision to discount Floe's subjective symptom testimony as inconsistent with the objective medical evidence, as well as inconsistent with Floe's activities of daily living and improvement with treatment. An ALJ must provide "specific, clear, and convincing reasons" for discounting a claimant's subjective symptom testimony. *Smartt*, 53 F.4th at 499. Here, the ALJ carefully explained several inconsistencies between Floe's testimony and the objective medical evidence. *See id.* at 498–99. "When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Id.* at 498 (emphasis omitted). The ALJ also properly noted that Floe's symptoms improved with medication and treatment, concluding that such evidence undermined Floe's statements about the severity of his impairments. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully

relieving symptoms can undermine a claim of disability."). Similarly, the ALJ properly found that Floe's activities of daily living were inconsistent with his testimony. These justifications are clear and convincing reasons supporting the ALJ's decision to discount Floe's testimony. *See Smartt*, 53 F.4th at 499.[1]

We conclude that the ALJ's decision applied the correct legal standards and was supported by substantial evidence.

**AFFIRMED.**

---

[1] Floe also argues that the ALJ erred in the RFC and step-five findings. But to evaluate these arguments, we must assume that the ALJ erred when weighing the evidence. Because we find no error in the ALJ's evidentiary analysis, we need not further address these derivative arguments. *Valentine*, 574 F.3d at 694.